The **DAYTON RUBBER COMPANY**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 13007.

United States Court of Appeals Sixth Circuit.

Oct. 31, 1957.

Frank J. Albus, Washington, D. C., for petitioner.

Charles K. Rice, Lee A. Jackson, Harry Marselli, Claude R. Marshall, Washington, D. C., for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The petitioner is an Ohio corporation which for many years prior to its "base period" (fiscal years ended October 31, 1937, to October 31, 1940, inclusive) had been engaged in the manufacture of tires and tubes, belts, rollers, and miscellaneous products. In 1938 the petitioner set up a new textile division, and during the remainder of its base period it had an overall net loss on the business of this new division. The income from its other activities in the last two years of its base period, however, substantially exceeded its income from such business in the first two years of its base period. The Commissioner conceded that the setting up of the textile division was a "change in the character" of the petitioner's business under § 722(b) (4) of the Internal Revenue Code of 1939, 26 U.S.C.A. Excess Profits Taxes, § 722(b) (4), and that if the change had occurred two years earlier, the petitioner would have realized a constructive average base period income from the textile division of $179,136.

The Tax Court held that the petitioner was not entitled to the benefits of the "growth formula" used in computing its "average base period net income" under § 713(f) of the Internal Revenue Code of 1939, 26 U.S.C.A. Excess Profits Taxes, § 713(f) in arriving at its "constructive average base period net income" under § 722(a) of the Code. Upon the reasoning of the Tax Court's opinion, 1956, 26 T.C. 389, and the authority of this court's decision in Dowd-Feder v. Commissioner, 1948, 173 F.2d 673 the decisions of the Tax Court are affirmed.